Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Gary James Spangler, Appellee.

Argued December 5, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 11, 1975.

Gary James Spangler (Spangler) was convicted on August 15, 1972 of violating Section 1002 (b) (7) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §1002 (b) (7), for speeding 79 m.p.h. in a 65 m.p.h. zone on the Pennsylvania Turnpike. The six (6) points assigned to his driving record as the result of this conviction brought his point accumulation to eleven (11) points for the first time, thus mandating a sixty (60) day suspension of his operator's license under Section 619.1 (i) and (k) of The Vehicle Code, 75 P.S. §619.1 (i) and (k). Spangler's appeal of the suspension to the Court of Common Pleas of Somerset County was sustained on March 21, 1974.

At the hearing before the court below, the Department of Transportation (Department) introduced properly certified copies of Spangler's *point system* driving record and the conviction reports in support thereof, which verified a compilation of eleven (11) points. In rebuttal, Spangler introduced another certified driving record which noted an additional conviction on March 7, 1970 for a violation of Section 1002 (b) (8) of The Vehicle Code, 75 P.S. §1002 (b) (8), but which the Department's exhibit failed to show. Upon this conviction, Spangler's operator's license was suspended for fifteen (15) days. The court below held that this suspension and subsequent restoration reduced Spangler's point total in 1970 to five

(5) points under Section 619.1(m), 75 P.S. §619.1(m), with the resulting effect of reducing his present point accumulation — allowing for annual "good driving" credits under Section 619.1(j) and (m) — to a maximum of nine (9) points. Section 619.1(m) provides:

"Upon the restoration of driving privileges of any person whose operator's license or learner's permit has been suspended *pursuant to this act,* such person's record shall show five (5) points and from the date of restoration such points shall be removed from his record at the rate of two (2) each year, as provided in subsection (j)." (Emphasis added.)

Section 619.1(m) was added to The Vehicle Code by the Act of January 24, 1966, P.L. (1965) 1497, 75 P.S. §619.1 *et seq.,* which implemented the mandatory point system for offenses enumerated in Section 619.1(b), 75 P.S. §619.1(b). The Commonwealth contends that Section 619.1(m) must be construed to continue the functional dichotomy between point system suspensions under Section 619.1(b) and non-point system suspensions under Section 618(b)(2), 75 P.S. §618(b)(2), with a restoration of a person's driving record to five (5) points under Section 619.1(m) only coming into operation following a restoration after a point system suspension. *See Commonwealth v. Suor,* 9 Pa. Commonwealth Ct. 503, 505, 308 A. 2d 646, 648 (1973). We must agree. Although ordinarily a reference in an amending act to "this act" refers to the substantive law being amended, in construing this particular amendatory section we must be mindful that the Legislature never intends an absurd result. Statutory Construction Act of 1972, 1 Pa. C.S. §1922(a). Were Section 619.1(m) interpreted to mandate an imposition of five (5) points upon a restoration of operator's privileges following a non-point system suspension, a driver with no prior points and perhaps only one non-point system violation would automatically have five (5) points, and could be subject to a point system suspension

upon his next point system violation. This construction would, thus, cause an intermingling of the Secretary of Transportation's carefully delineated suspension authority under Section 619.1 and Section 618 (b) (2) as implemented by the Schedule of Suspension and Revocations, 4 Pa. B. 322. As an example, Spangler's fifteen day suspension in 1970 was for a violation of Section 1002 (b) (8), 75 P.S. §1002 (b) (8). The Legislature has mandated under Section 618 (b) (2), 75 P.S. §618 (b) (2), that the Secretary have the discretion to impose a suspension for this violation, without mention of an imposition of points. Yet, were we to accept the lower court's interpretation of Section 619.1 (m), his record would show five points upon a restoration of his license irrespective of his prior point system record. Although this interpretation would benefit Spangler, the negative effect on other drivers who have had no prior point system violations is such that it could not have been intended by the Legislature.

As the court below ruled that the Commonwealth had miscomputed Spangler's point total, it did not reach Spangler's contention that his payment of the fine and guilty plea to his last violation under Section 1002 (b) (7), which would ordinarily operate as an admission of the conviction in the suspension proceedings, was in reliance upon information by the Department that he had only three points. Though framed in terms of estoppel, we understand the thrust of this argument to go to the competence of his guilty plea. We need not here decide whether this contention is within the limits of collateral attack permitted by *Commonwealth v. James,* 6 Pa. Commonwealth Ct. 493, 296 A. 2d 530 (1972), and *Virnelson Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968). The Commonwealth in the court below produced the testimony of the arresting officers which was sufficient to independently establish a prima facie case of the violation. Spangler did not deny the violation or otherwise attempt to impeach the credi-

bility of these officers. Thus, even were the Court to decide that Spangler's guilty plea was incompetent, this defect has been cured by independent proof of the violation.

### ORDER

AND NOW, this 11th day of March, 1975, the appeal of the Commonwealth is sustained and the Department of Transportation is ordered to reimpose a sixty (60) day suspension of Gary James Spangler's operator's license within thirty (30) days of this Order.