Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* John G. Gearhart, Appellee.

Argued February 8, 1980, before Judges Wilkinson, Jr., Mencer and Craig, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellant.

*Mark S. Fenice,* for appellee.

Opinion by Judge Mencer, April 14, 1980:

The Department of Transportation, Bureau of Traffic Safety (Department) appeals an order of the Court of Common Pleas of Dauphin County which sustained an appeal by John G. Gearhart from the Department's order suspending his driving privilege under Section 1539 of the Vehicle Code of 1976 (Code), 75 Pa. C.S. §1539. We reverse.

As of November 1977, Gearhart's driving record reflected an accumulation of four points. On November 21, 1977, his license was suspended under the provisions of 75 Pa. C.S. §1533 because he failed to pay a fine which resulted from a speeding violation in Maryland. This suspension was unrelated to points on his record, i.e., it was a nonpoint suspension. His license was restored on December 7, 1977 after he paid the fine. Upon restoration, the Department assessed an additional point against his driving record in order to bring his point total to five, in accordance with 75 Pa. C.S. §1545, which reads:

> Upon the restoration of any person's operating privilege which has been suspended or revoked pursuant to this subchapter, such person's record shall show five points, except that any additional points assessed against the person since the date of the last violation resulting in the suspension or revocation shall be added to such five points unless the person has served an additional period of suspension or revocation pursuant to section 1544(a) (relating to additional period of revocation or suspension).

It is undisputed that, if this one point was improperly assessed, the suspension of Gearhart's driving privilege under Section 1539, at issue, was improper due to an insufficient accumulation of points. Likewise, if the addition of the point was proper, so was the suspension.

The Department argues that the lower court erred in deciding that Section 1545 is applicable only to suspensions based upon point accumulations under Section 1539, in accordance with our decision in *Department of Transportation, Bureau of Traffic Safety v. Spangler*, 17 Pa. Commonwealth Ct. 615, 333 A.2d 505 (1975).[1] We agree.

The plain language of Section 1545 requires that an operator's driving record reflect five points upon restoration of his privilege after *any* suspension incurred under subchapter B of the Code. Subchapter B very clearly includes both suspensions resulting from point accumulations and suspensions imposed for reasons unrelated to point accumulations. We may not ignore this clear statutory mandate, 1 Pa. C.S. §1921(b), and therefore must conclude that our decision in *Spangler* has been effectively, if not explicitly, overturned by the changes in the Vehicle Code of 1976.

This conclusion is further supported by the indications, within subchapter B of the Code, of a legislative intent to provide an interrelated system of point and nonpoint suspensions. 75 Pa. C.S. §1531 provides, in pertinent part:

> The department shall administer an *integrated system* . . . for revocation and suspension of operating privileges . . . and for this purpose shall maintain a record as to every driver of convictions of offenses set forth in this title and such other convictions and offenses as are punishable by suspension or revocation under this title. (Emphasis added.)

---

[1] In *Spangler*, we held that the section of The Vehicle Code of 1959 which corresponds to Section 1545 of the Vehicle Code of 1976 applied only to point-system suspensions since it was enacted as part of the separate act implementing the point system and since, if applied to nonpoint-system suspensions, an unintended intermingling of carefully delineated statutory authority regarding nonpoint suspensions and point suspensions would result.

Additionally, Section 1539(c) requires that "[e]very suspension and revocation under any provision of this subchapter [subchapter B] shall be counted in determining whether a suspension is a second, third or subsequent suspension," in order to determine the proper length of suspension to be imposed on the basis of point accumulation under Section 1539(a) and (b).

In the face of this evidence of legislative intent, we conclude that the lower court erred and that the suspension of Gearhart's driving privilege was proper.

Order reversed.

### ORDER

AND Now, this 14th day of April, 1980, the order of the Court of Common Pleas of Dauphin County, dated January 5, 1979, sustaining the appeal of John G. Gearhart and vacating the suspension of John G. Gearhart's driving privilege is reversed, and the suspension imposed by the Department of Transportation, Bureau of Traffic Safety, by letter dated September 25, 1978, is reinstated.

President Judge BOWMAN did not participate in the decision in this case.