Allen P. Faulstick, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued March 5, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*David A. Martino, Zito, Martino and Karasek,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, May 19, 1982:

Allen P. Faulstick (Appellant) appeals from an order of the Court of Common Pleas of Monroe County which affirmed a suspension of his driving privileges by the Bureau of Traffic Safety, Department of Transportation (Bureau).

It is undisputed that on October 18, 1978, Appellant received a citation in Mount Olive Township, New Jersey for driving in the left lane. On February 6, 1979 he was cited for disregarding a traffic signal and on March 21, 1979 he was cited for speeding. Both of the latter offenses occurred in Pennsylvania.

With respect to the October 18, 1978 violation, the record does not show when the fine was paid but it does indicate that the file of the New Jersey traffic court was closed January 17, 1979. On June 18, 1979, the Bureau advised Appellant that his license would be suspended as of July 6, 1979 and five points would be assessed against his driving record if the Bureau

did not receive confirmation that he had responded to the New Jersey citation. Appellant testified that he paid his New Jersey fine before July 6, 1979 and sent a copy of the receipt thereof to Harrisburg. He said he did not send his license to Harrisburg. The "certification statement" of Appellant's driving record admitted as an exhibit in the court below, indicates that on August 1, 1979, Appellant's privileges were restored and that five points were assessed. There is nothing in the record to indicate that notice of this assessment was given to Appellant and his testimony is that he received no notice thereof. He contends that he did pay his fine before July 6, 1979 and therefore there was no basis for the Bureau to assess five points.

Since Appellant's current suspension for 165 days is based upon the accumulation of 11 points and 15 days suspension for each point pursuant to the provisions of Section 1539 of the Vehicle Code (Code), Act of June 17, 1976, P.L. 162, *as amended,* 75 Pa. C. S. §1539, the assessment of the five points for the New Jersey incident is critical.

The Bureau's records admitted into evidence do not indicate why the five points were assessed. In its argument to us, the Bureau contended that the points were placed there pursuant to Section 1545 of the Code, 75 Pa. C. S. §1545, which states that five points shall be shown on the driver's record where his operating privileges have been suspended and then restored. The "certification statement" plainly indicates that Appellant's privileges were *suspended* as of July 6, 1979 and that they were *restored* as of August 1, 1979. Under such circumstances, Section 1545 applies. *Department of Transportation, Bureau of Traffic Safety v. Gearhart,* 50 Pa. Commonwealth Ct. 474, 413 A.2d 1161 (1980).

Section 1536 of the Code, 75 Pa. C. S. §1536 mandates that when points are assigned to a driver's rec-

ord, notice of that fact shall be given to the driver. There is nothing in the record of the case before us to indicate that such notice was given.[1]

The Bureau contends that the issue of notice was not raised below and, consequently, should not be addressed by us. *Dunk v. Manufacturers Light and Heat Co.*, 52 Pa. Commonwealth Ct. 85, 415 A.2d 919 (1980). We disagree. The Appellant testified that he never received the notice. In his closing argument, Appellant's counsel stated that Appellant never received notice and in his memorandum of law submitted at the request of the trial court, counsel stated that his client never received notification of the assessment of points. It is true that the trial court did not address this issue in its opinion but we are satisfied that the issue was raised.

In the alternative, the Bureau argues that Section 1536 does not apply where points are assigned pursuant to Section 1545. No citation of authority is given to support that argument and we have found none. It is true that Section 1545 does not say that points are "assigned" to a driver's record, rather, that the driver's record shall "show" five points. We doubt that this difference in language between the two sections is more than semantic. We note that Section 1535(a) of the Code, 75 Pa. C. S. §1535(a) mandates that driver's shall be "assessed" points for certain enumerated convictions. We hold that whether points are assigned, assessed or shown, written notice of the Bureau's action must be given to the operator.

Finally, we hold that the Bureau's notice to Appellant of June 18, 1979, that five points *"will be placed on your driving record"* (emphasis added) if

---

[1] We are conscious that the operative language of Section 1536 is that notice must be *given*. The Bureau need not show it has been *received* and the fact that it was not received would not affect any subsequent suspension.

certain conditions were not met by Appellant by a specific date, does not satisfy the requirement of Section 1536 that when points *are* assigned, notice shall be sent to the driver "pointing out the fact and emphasizing the *nature and effects* of the point system." (Emphasis added.)

In view of our determination that the Bureau failed to give Appellant written notice of the five points placed on his driving record on August 1, 1979, we must hold that the suspension of his operating privileges for 165 days is invalid.[2]

Order reversed.

### ORDER

AND Now, this 19th day of May, 1982, it is ordered that the order of the Monroe County Branch of the Court of Common Pleas of the Forty-third Judicial District, dated February 6, 1981 is reversed. It is further ordered that the driving privileges of Allen P. Faulstick be and the same are reinstated.

Judge MENCER did not participate in the decision of this case.

---

[2] In the event of a subsequent appeal of this case, we do hold that the Bureau's action in assigning points for the two subsequent violations was proper.