## Commonwealth v. McClure

*Lawrence Wieder,* for the Commonwealth.
*John B. Mancke,* for defendant.

BAYLEY, J., July 30, 1984—On May 10, 1984, petitioner, William E. McClure, Jr., was notified by the Department of Transportation that his operator's license was suspended for 195 days as mandated by §1539 of the Vehicle Code.[1] This suspension resulted from petitioner's accumulation of 13 points, the last four points having been assessed for a violation of §3362 of the Vehicle Code on March 23, 1984.

Petitioner has filed a timely appeal from the action of the department. A hearing was held before this court on July 24, 1984, at which time the Commonwealth, pursuant to §6103 of the Judicial Code, 42 Pa. C.S. §6103, admitted into evidence the certified driving record of petitioner in the possession of the Department of Transportation. Section 6104 of the code provides as follows:

Effect of official records generally

(a) General rule.—A copy of a record of governmental action or inaction authenticated as provided in section 6103 (relating to proof of official records) shall be admissible as evidence that the governmen-

---

1. 75 Pa. C.S. §1539.

tal action or inaction disclosed therein was in fact taken or omitted.

(b) Existence of facts—A copy of a record authenticated as provided in section 6103 disclosing the existence or nonexistence of facts which have been recorded pursuant to an official duty or would have been so recorded had the facts existed shall be admissible as evidence of the existence or nonexistence of such facts, unless the sources of information or other circumstances indicate lack of trustworthiness.

The certification statement of the Department of Transportation indicates that the assignment of the points leading to the subject suspension was made as follows:

| 8/11/81 | 3361 | Driving at safe speed | Point letter; Points processed and assigned 12/14/81 ( + 2) |
| 12/11/81 | 3362 | Maximum speed limits 55/35 | Official notice to ( + 4) pass special exam dated and mailed 6/8/82; Points processed and assigned 6/2/82 Official notice of suspension for failure to pass exam dated and mailed 10/5/82 effective 11/9/82 until exam is passed Exam passed 11/9/82 Restored 11/17/82 (-1) |
| 10/11/82 | 3323 | Stop signs and yield signs | Official notice to ( + 3) attend hearing; Points processed and assigned 12/20/82 |

|  |  |  |  |
|---|---|---|---|
|  |  |  | Official notice of suspension due to hearing results dated and mailed 3/29/83 effective 5/3/83 for 15 days Restored 4/26/83 (−2) |
| 9/1/83 | 3112 | Traffic control signals | Point letter; (+3) Points processed and assigned 11/30/83 |
| 3/23/84 | 3362 | Maximum speed limits 79/55 | Official notice of (+4) suspension dated and mailed 5/10/84 effective 6/14/84 for 195 days; Points processed and assigned 5/3/84 Appeal pending |

Petitioner maintains that an examination of the reproduced records which accompany the certification, and which were admitted into evidence as part of the Commonwealth's exhibit, fails to disclose copies of point letters referred to in the certification statement. These are the point letters noted for the two points processed and assigned on December 14, 1981 and the three points processed and assigned on November 30, 1983. Accordingly, petitioner maintains that the Commonwealth has failed to prove that written notice of the Department's action in assessing points was forwarded to the petitioner as required by the Vehicle Code at 75 Pa. C.S. §1536, which provides:

"Whenever points are assigned to a driver's record, the department shall send to that person at his last known address a letter of notice pointing out the fact and emphasizing the nature and effects of the point system. Failure to receive such letter shall not

prevent the suspension of the operating privilege pursuant to this subchapter."

Since petitioner's current suspension for 195 days is based upon an accumulation of 13 points with 15 days of suspension assigned for each point, the issue raised challenging the validity of five of those points is critical.[2] The certification statement of petitioner's driving record shows that a total of 16 points were assessed between December 14, 1981, and May 10, 1984, when the last four points were assessed which resulted in the current suspension. During this time three points were removed from the record which leaves the remaining thirteen points that forms the basis of the department's suspension order.

An examination of the documents admitted into evidence shows that in each instance when the department took additional action over and above the assessing of points, microfilmed copies of the letters to petitioner announcing that action as well as the assessing of points are included in the exhibit.[3] The

---

2. Section 1539 provides for the mandatory suspension of privileges when eleven or more points have been assessed. If the five contested points were removed from the petitioner's record he would currently have eight points, an amount short of the 11 points necessary to suspend his operating privileges for a point violation under §1539.

3. The notice of the four points assigned on June 2, 1982, contained a further notice that petitioner would have to pass a special examination. It also advised petitioner that his point accumulation as of that date was six. The notice of the three points assigned on December 20, 1982, contained a further notice to attend a departmental hearing and that petitioner's point accumulation was then eight. Thereafter, petitioner's license was suspended for 15 days and then reinstated on April 26, 1983. The notice of the four points assigned on May 3, 1984, contained the further notice advising petitioner that his point accumulation had reached 13 and that his operating privileges were suspended for 195 days.

exhibit does not contain microfilmed copies of the point letters for the two points processed and assigned on December 14, 1981, and the three points processed and assigned on November 30, 1983. In these two instances no additional action was taken by the department other than the assignment of points.

In Faulstick v. Commonwealth, 66 Pa. Commw. 529, 445 A.2d 554 (1982), the Commonwealth Court, interpreting § 1536 of the Vehicle Code, held "that whether points are assigned, assessed or shown, written notice of the Bureau's action must be given to the operator." In this case petitioner maintains that he never received point letters for the five points which were assigned on December 14, 1981, and November 30, 1983.[4] The Commonwealth maintains that the certified statement referring to a "Point letter" at the time two points were assigned on December 14, 1981, and three points were assigned on November 30, 1983, is sufficient to show that notice was given.

We take notice that the department processed its standard form point letters by computer. The department's certified statement shows that at the time the subject points were assigned, they were processed and there was a point letter. Accordingly, the certification statement is sufficient to show that a point letter was processed at the time points were assigned on December 14, 1981, and November 30,

---

4. Faulstick held that under § 1536, the bureau must show that notice was "given;" the bureau need not show that the operator received the notice. This is unlike the requirement that the Commonwealth must show that notice was received in order to support a criminal prosecution for operating a vehicle following the suspension of operating privileges. See Commonwealth v. Kane, 460 Pa. 582, 333 A.2d 925 (1975).

1983; in other words that it was sent to the operator. In those cases where points are processed and additional action is not taken against an operator, we do not believe that § 1536 of the Vehicle Code, as interpreted by the Commonwealth Court in Faulstick, requires the maintenance of microfilmed copies of standard computer notices forwarded to operators as long as a record is maintained by the department, as evidenced by the certification statement in this case, that in addition to points being assigned, they were "processed" and there was a "Point letter." To hold otherwise would require the department to maintain copies of huge quantities of additional correspondence since points are assigned under the Vehicle Code for virtually every moving violation. Such inefficiency need not be foisted upon the Commonwealth where its authenticated certification statement, pursuant to §6104 of the Judicial Code, discloses its prior governmental action in processing a point letter.

Furthermore, although proof of receipt of the notice is not required, based upon the petitioner's extensive contact with the department from 1981 resulting from his unfitting driving, I give no credibility to his position that he did not receive the point letters. When he received notice of the assignment of four points on June 2, 1982, which contained a further notice of a requirement to pass a special examination or have his license suspended because his point accumulation had reached six, we can be sure he was already aware of the two previous points assigned and processed on December 14, 1981, otherwise he would have objected to the notice that his point accumulation had reached six.[5]

---

5. Petitioner failed the examination and his license was suspended on November 9, 1982. It was restored on Novem-

It is convenient for him to now maintain that he never received the point letters of December 14, 1981, and November 30, 1983, even though the department's certification statement indicates they were processed.[6]

## ORDER OF COURT

And now, this July 30, 1984, the order of the Department of Transportation suspending the operating privileges of William E. McClure, Jr., for a period of 195 days, is sustained.

---

ber 17, 1982, after he passed the examination the second time around. Likewise, the ordering of a departmental hearing by notice of December 20, 1982, which resulted in a 15 day suspension in April, 1983, required as a matter of law the proper assignment and processing of all points that led up to that hearing. Commonwealth of Pennsylvania, Department of Transportation v. Jaffe, 65 Pa. Commw. 594, 442 A.2d 1253 (1982).

6. The Commonwealth stipulated with petitioner that if called to testify he would deny having received the two point letters. Unfortunately, this stipulation neatly allowed the petitioner to avoid testifying and facing cross-examination on this issue under oath.