## Pa. Department of Transportation v. Brophy

*Richelle D. Sanders,* for the Commonwealth.
*James J. Rahner,* for defendant.

BLOOM, J., March 14, 1985—The matter before the court involves the question, does the Commonwealth have to prove receipt of a suspension notice prior to suspending a driver's license?

Petitioner in his appeal states that his license was suspended for accumulation of points and nonpayment of fines. Likewise he admits that subsequent use of his automobile resulted in similar citations.

Petitioner contends that the notice of suspension is defective since it contains an incorrect mailing address. The record reflects that three of the four citations contain the proper address of 2924 Dogwood Lane while the other citation shows 2929 Dogwood Lane.

Petitioner was unavailable at time of trial and counsel agreed to submit memorandums of law and argument in lieu of testimony.

Petitioner is being suspended for a period of five years pursuant to 75 Pa.C.S. §1534 as a habitual offender.

Petitioner relies on Faulstick v. Commonwealth, 66 Pa. Commw. 529, 445 A.2d 554 (1982). However, we find this reliance to be misplaced, The Commonwealth Court said that the Commonwealth must give notice. Likewise it said that the bureau need not show that the notice was received. There is no question that the Commonwealth sent notice. The only area open for argument is whether the placing of the wrong address on the notices make them invalid. We note with interest that all the citations, except for one, contained the proper address. Likewise, petitioner must have received at least one notice, that being the one used in taking this appeal.

We recently decided in Commonwealth v. Fitzgerald, 72 Del. Co. 215 (1984), that the Commonwealth did not have to prove receipt of its notices. Likewise, we relied on Commonwealth v. Connery, 81-16598, that the normal inference of mail that would be received would satisfy the notice requirements. Additionally in Commonwealth v. Lerario, 428-83, the Honorable John V. Diggins of our court held that a driver need not have actual knowledge of his license being suspended.

For all of the above reasons, we enter the following

## ORDER

And now, this March 14, 1985, after presentation of argument and briefs submitted by respective counsel, it is hereby ordered and decreed that:

1. The appeal is dismissed.

2. The order of the Secretary of Transportation suspending petitioner's driving privileges for a period of five years is reinstated.