510 A.2d 857

Delbert D. Hamilton, III, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Delbert D. Hamilton, III, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued October 11, 1985, before Judges CRAIG and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard B. Sandow, Jones, Gregg, Creehan and Gerace,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BARRY, June 2, 1986:

Delbert D. Hamilton, III, appeals two orders of the Court of Common Pleas of Allegheny County which sustained two suspensions of his driving privileges by the Department of Transportation, Bureau of Traffic Safety (Bureau).

Hamilton's record is replete with additions and subtractions of points resulting in several suspensions followed by restoration of driving privileges. The two suspensions at issue in this case are for thirty days and 365 days respectively. Both suspensions were based on excessive accumulation of points. Hamilton does not challenge any of the convictions underlying these suspensions. His only argument is that the Bureau failed to properly notify him of the fact that five points were assessed to his record upon the restoration of his driver's license. He maintains that if the five points in question are void then the point total is reduced below the number needed to sustain either suspension.

Hamilton's record shows that on November 19, 1981, his license was restored after a thirty day suspension. Prior to the suspension he had accumulated eight points. Upon restoration of his license his record shows five points. This is in accordance with Section 1545 of the Vehicle Code (Code), 75 Pa. C. S. §1545, which states that upon restoration of operating privileges the driver's record shall show five points. No notice was sent to Hamilton informing him of this assessment.

On December 10, 1981, three points were subtracted from Hamilton's record due to the fact he had no violations during one entire year. This left two points on the record. He was subsequently convicted of a speeding violation and, on February 4, 1983, four points were added to his record, bringing his total to six points. On this same date the Bureau sent him official notice to attend a departmental hearing where it would be determined whether his license should be suspended. After some delay he did attend a hearing where it was decided that, effective October 12, 1983, his license would be suspended for thirty days pursuant to Section 1538(c) of the Code which provides in part:

(c) **Subsequent accumulations of six points.**—When any person's record has been reduced below six points and for the third or subsequent time shows as many as six points, the department shall require the driver to attend a departmental hearing to determine whether the person's operating privilege should be suspended for a period not to exceed 30 days.

While Hamilton's appeal from this suspension was pending, he was convicted of two traffic violations resulting in the assignment of seven additional points to his record. At this time his license was suspended effective November 11, 1983, for a period of 365 days. This

last suspension was based on Section 1539(a) and (b) which provides:

(a) **General rule.**—When any person's record shows an accumulation of 11 points or more, the department shall suspend the operating privilege of the person as provided in subsection (b).

(b) **Duration of suspension.**—The first suspension shall be for a period of 5 days for each point, the second suspension shall be for a period of 10 days for each point, the third suspension shall be for a period of 15 days for each point and any subsequent suspension shall be for a period of one year.

As we already noted, Hamilton argues that because he never received notice that five points were assigned to his record upon the restoration of his license on November 19, 1981, neither of these suspensions is valid. The Bureau simply argues that Hamilton was not entitled to notice because no points were actually added to his record.

Addressing this very same issue in *Faulstick v. Commonwealth*, 66 Pa. Commonwealth Ct. 529, 532, 445 A.2d 554, 556 (1982), we held that "whether points are assigned, assessed or shown, written notice of the Bureau's action must be given to the operator." The Bureau now attempts to distinguish *Faulstick* from this case on the grounds that the driver in *Faulstick* had no points on his record prior to a suspension under Section 1533 of the Code for failure to respond to a citation. Hamilton's record, on the other hand, showed eight points before the suspension and these, according to the Bureau, were *reduced* to five points upon restoration of his license. The Bureau, therefore, concludes that in Hamilton's case no notice was required because points

were reduced rather than added, assigned, assessed or shown. We cannot agree.

Section 1545 of the Code simply states:

> *Upon the restoration of any person's operating privilege which has been suspended or revoked pursuant to this subchapter, such person's record shall show five points,* except that any additional points assessed against the person since the date of the last violation resulting in the suspension or revocation shall be added to such five points unless the person has served an additional period of suspension or revocation pursuant to section 1544(a) (relating to additional period of revocation or suspension). (Emphasis added.)

Although the Bureau has chosen to show these points on Hamilton's record by subtracting three points from the original eight points, this does not change the fact that the points shown on Hamilton's record upon restoration of his license are not five points left over from his previous convictions. They are five new points resulting solely from the suspension of his license. These points are totally unrelated to the number of points accumulated prior to the suspension. In fact, these five points are shown even if the suspension is imposed for reasons unrelated to point accumulations. *Department of Transportation, Bureau of Traffic Safety v. Gearhart,* 50 Pa. Commonwealth Ct. 464, 413 A.2d 1161 (1980).

Section 1536 of the Code, requires that "[w]henever points are assigned to a driver's record, the department shall send to that person at his last known address a letter of notice pointing out the fact and emphasizing the nature and effects of the point system." We hold that whenever points are shown in any form or manner on a driver's record pursuant to Section 1545 of the Code,

written notice must be sent to that person.[1] Since the Bureau clearly failed to notify Hamilton that five points were shown on his record on November 19, 1981, the Bureau may not rely on those points to support any subsequent suspension. Our calculations, however, reveal that this will invalidate the thirty day suspension only.

As we already noted, after the five points were shown, Hamilton's record was violation-free for one year and he was credited three points. The thirty day suspension was based on the two remaining points plus four points resulting from a traffic ticket. Since the Bureau cannot rely on those two points, it did not have the six points necessary to support a thirty day suspension under Section 1538(c) of the Code. The 365 day suspension was based on the accumulation of thirteen points, including the two invalid points. However, because §1539(a) only requires eleven points, we must uphold that suspension.[2]

For the reasons set forth, we reverse the order of the trial court upholding the thirty day suspension and we affirm the order upholding the 365 day suspension.

## ORDER IN 460 C.D. 1984

NOW, June 2, 1986, the order of the Court of Common Pleas of Allegheny County at SA 586 of 1983, dated January 20, 1984, is reversed.

---

[1] Our holding is specifically limited to points shown pursuant to Section 1545 of the Code. It does not extend to the automatic point *removal* mandated by Section 1537 of the Code.

[2] We note that prior to this last suspension, Hamilton's driver's license has been suspended on at least four occasions (August 20, 1979; March 12, 1980; August 1, 1980; April 21, 1981). The Bureau, therefore, properly suspended his operating privilege for a period of one year as mandated by Section 1539(b).

Order in 461 C.D. 1984

Now, June 2, 1986, the order of the Court of Common Pleas of Allegheny County at SA 608 of 1983 dated January 20, 1984, is affirmed.