520 A.2d 105

Richard A. George, 2nd, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs November 21, 1986, to Judges MacPhail and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*Robert G. Burchill,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, January 20, 1987:

Richard A. George, 2nd, Appellant, appeals here an order of the Court of Common Pleas of Lehigh County affirming the suspension of his driver's license. The Department of Transportation (Department) had suspended his license for fifty-five days pursuant to Section 1539 of the Vehicle Code, 75 Pa. C. S. §1539, following his accumulation of eleven points. We affirm.

The following facts are pertinent. George was convicted of failing to stop at a stop sign[1] on May 25, 1983, at which time he was assessed three points against his driving record. On March 9, 1984, he was convicted of speeding[2] and he was assessed four points. On May 4, 1984, he was again convicted of speeding and three additional points were assessed against his driving record. On November 23, 1984, George successfully completed a special driving examination and had two points removed from his record pursuant to Section 1538 of the Vehicle Code. On December 15, 1984, he was again

---

[1] Section 3323 of the Vehicle Code, 75 Pa. C. S. §3323.
[2] Section 3362 of the Vehicle Code, 75 Pa. C. S. §3362.

convicted of failing to stop at a stop sign and three points were assessed against his record, bringing his point total to eleven. On April 11, 1985, the Department notified him his driver's license was being suspended for fifty-five days pursuant to 75 Pa. C. S. §1539. George appealed the suspension to common pleas court which affirmed the Department. This appeal followed.

In this appeal, George presents two contentions, namely: (1) the Department misled him as to his actual point record; and (2) he never received actual notice of the point assessment following his May 4, 1984 speeding conviction precluding the department from using those points as justification to suspend his driver's license. We shall address these contentions in the order stated.

To support his contention the Department misled him as to his point record, George alleges he was confused in October and November of 1984 when he received two notices from the Department to take special examinations pursuant to 75 Pa. C. S. §1538. On December 11, 1984, however, the Department rescinded the second examination notice leaving only the initial one in effect. We fail to see how the second notice, rescinded within two weeks, was so misleading or prejudicial to George. He also argues the examiner who gave him his special examination misled him as to the operation of the point system. The misleading information George relies upon was his assertion the examiner told him he had three points after he successfully passed the special examination. N.T. (7/21/85) 5, R.R. 8a.[3] However, the Department records indicated he had

---

[3] There is nothing in the record, nor does George advise this Court, upon what information the examiner allegedly based his point computation.

ten points prior to passing the test on November 23, 1984, after which his point total was reduced to eight. While the information the examiner gave George may have been incorrect, we fail to discern, nor has George articulated, any prejudice resulting from that misinformation. *Cf. Department of Transportation, Bureau of Traffic Safety v. Kirk,* 48 Pa. Commonwealth Ct. 429, 410 A.2d 95 (1980) (mere administrative delay is insufficient, absent prejudice to the motorist, to set aside a driver's license suspension). Since George has articulated no prejudice resulting from the alleged misinformation received from the examiner or allegedly confusing notices sent by the Department, he is not entitled to have the suspension set aside on that ground.

We now turn to George's second contention regarding his lack of notice of the points assessed following his May 4, 1984 speeding conviction. He does not dispute the conviction took place and readily identified his signature on the speeding citation. N.T. (7/2/85) 16, R.R. 14a. The common pleas court found George had been notified of the point assessment as required by law. In his brief, he does not dispute the Department sent him a point assessment letter; his sole contention is he never received it and the three points assessed thereby cannot be used by the Department to base a license suspension under 75 Pa. C. S. §1539. The plain language of Section 1536 of the Vehicle Code, 75 Pa. C. S. §1536, requires us to reject this contention.

Section 1536, dealing with the assessment of points for Vehicle Code violations, reads as follows:

§1536. *Notice of Assignment of Points.*

Whenever points are assigned to a driver's record, the department shall send to that person at his last known address a letter of notice pointing out the fact and emphasizing the nature and effects of the point system. *Failure to receive*

*such a letter shall not prevent the suspension of the operating privilege pursuant to this subchapter.* (Emphasis added.)

In *Faulstick v. Commonwealth,* 66 Pa. Commonwealth Ct. 529, 445 A.2d 554 (1982), this Court noted Section 1536 requires only that notice of point assessment must be *given* by the Department. We specifically mentioned that under the statute's operative language, the Department need not show notice was actually *received* and the fact it was not received would not alter any subsequent suspension. *Id.* at 532 n. 1, 445 A.2d at 555 n. 1. *See also Commonwealth v. McClure,* 32 Pa. D. & C. 3d 144, 149 n. 4 (C.P. Cumberland 1984). Therefore, while George may not have received notice of point assessment following his May 4, 1984 conviction, the Department provided satisfactory proof such notice was sent. That is all Section 1536 requires. *Faulstick; McClure.* The common pleas court correctly affirmed the Department's license suspension order.

ORDER

Now, January 20, 1987, the Order of the Court of Common Pleas of Lehigh County at Docket No. 85-C-998, dated July 2, 1985, is hereby affirmed.