558 A.2d 934

**Robert SAVIET, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 20, 1989.

Decided May 24, 1989.

152

William A. George, Media, for appellant.

Richelle D. Sanders, Philadelphia, Harold H. Cramer, Asst. Chief Counsel, John L. Heaton, Chief Counsel, Christopher J. Clements, Asst. Counsel, Harrisburg, for appellee.

Before PALLADINO and SMITH, JJ., and KALISH, Senior Judge.

SMITH, Judge.

■ Robert Saviet (Appellant) appeals from a decision of the Court of Common Pleas of Delaware County denying his appeal and sustaining the Department of Transportation's (DOT) thirty-day suspension pursuant to Section 1538(c) of the Vehicle Code (Code), 75 Pa.C.S. § 1538(c).[1]

DOT sent Appellant an official notice of suspension dated April 14, 1987 advising him that his operating privileges would be suspended for thirty days effective May 19, 1987 for his third accumulation of six points. Appellant challenged the propriety of DOT's actions at a de novo hearing before the trial court which concluded that DOT's suspension was proper. Hence, Appellant's appeal to this Court.[2]

---

1. Section 1538(c) provides that:
 When any person's record has been reduced below six points and for the third or subsequent time shows as many as six points, the department shall require the driver to attend a departmental hearing to determine whether the person's operating privilege should be suspended for a period not to exceed 30 days. Failure to attend the hearing or to comply with the requirements of the findings of the department shall result in the suspension of the operating privilege until the person has complied.

2. This Court's scope of review is limited to determining whether the findings of fact are supported by competent evidence, whether errors of law have been committed, or whether the trial court's decision

Appellant contends that his suspension is improper for two reasons. First, DOT failed to send Appellant the statutorily required point letter under Section 1536 of the Code, 75 Pa.C.S. § 1536, within the requisite six-month period for Code violations committed on August 14, 1980 and February 27, 1981 thus rendering DOT's point assessments for these violations null and void.[3] Therefore, DOT erred in applying the provisions of Section 1538(c) instead of Section 1538(a) or 1538(b) necessitating the reversal of his suspension. Secondly, DOT violated the Code by compelling the hearing examiner to recommend a thirty-day suspension.

Appellant submits that the record supports his position that DOT never sent him point letters for the August 14, 1980 and February 27, 1981 violations. He correctly argues that DOT's Certification Statement of Appellant's driving record did not contain the date on which notices were mailed nor did DOT submit copies of the point letters at trial. Without more, this Court would be constrained to sustain Appellant's appeal. However, Appellant fails to acknowledge evidence of record that he received notice of a departmental hearing scheduled for July 8, 1981 as a direct result of the aforementioned violations and in fact attended the hearing.

 This Court has recently stated that a point assessment notice under Section 1536 could be established if the licensee took a required driver's examination upon DOT's instruction. *Commonwealth of Pennsylvania v. Petrucelli*, 117 Pa.Commonwealth Ct. 163, 543 A.2d 213 (1988). Similarly, Appellant here attended the required departmental hearing in July 1981 and testified at the de novo hearing

demonstrates a manifest abuse of discretion. *Waldspurger v. Commonwealth of Pennsylvania*, 103 Pa.Commonwealth Ct. 148, 520 A.2d 83 (1987).

3. Appellant erroneously relies upon *Hamilton v. Commonwealth of Pennsylvania*, 97 Pa.Commonwealth Ct. 568, 510 A.2d 857 (1986) for the principle that DOT must give notice of the assessment of points within six months of conviction. *Hamilton* required that notice of the assessment of five points upon restoration of a license pursuant to Section 1545 of the Code, 75 Pa.C.S. § 1545, must be sent by DOT.

upon questioning by the trial court that he reviewed DOT's records at the departmental hearing which contained the specific violations in question and admitted that they were accurate. Moreover, Appellant's failure to raise the issue of lack of notice before the hearing officer at the July, 1981 hearing renders it waived for purposes of appeal. Accordingly, this Court finds that there is sufficient evidence of record to conclude proper notice and suspension under Section 1538(c).[4]

 Appellant next challenges the propriety of his thirty-day suspension arguing that the language of Section 1538(c) provides the hearing examiner with discretion to recommend a thirty-day suspension contrary to DOT's assertion that the hearing examiner is required to recommend a thirty-day suspension. The Supreme Court, in *Department of Transportation, Bureau of Traffic Safety v. Lewis,* 506 Pa. 96, 102–103, 484 A.2d 370, 373–374 (1984), stated:

As indicated there is no discretion under 1538(c) involved in the assessment of points.

Once the conviction occurs, the prescribed points must be assigned. *See* 75 Pa.C.S. § 1535(a). The discretion occurs after the conviction and the assignment of points as to the sanction to be imposed....

The discretion provided for in section 1538(c) relates to whether the operating privileges should be suspended; ... To the extent that the suspension authorized under section 1538(c) is discretionary and not mandatory, it was intended to benefit an errant operator in circumstances where it can be shown that a suspension should not be imposed.

This Court therefore concludes that discretion is vested in the hearing officer at the sanctions stage of the proceedings; Appellant however has failed to show either an error of law or abuse of discretion by the hearing officer in recommending a thirty-day suspension considering the driv-

4. Appellant's argument that his case falls under either Section 1538(a) (initial accumulation of six points) or Section 1538(b) (second accumulative of six points) is thus without merit.

ing record accumulated by Appellant. The hearing officer properly reviewed the record and determined that it contained evidence to satisfy the suspension provisions of Section 1538(c) of the Code, and the fact that DOT may have published a brochure stating that a thirty-day suspension was mandated under the circumstances does not warrant a reversal of the suspension as contended by Appellant. The record thus demonstrates that Appellant has failed to sustain his burden on appeal. Accordingly, this Court finds that DOT acted in accordance with the law, and the trial court's decision must therefore be affirmed.

## ORDER

AND NOW, this 24th day of May 1989, the decision of the Court of Common Pleas of Delaware County is affirmed.