Stanley WEBER

v.

**COMMONWEALTH of Pennsylvania, DE-PARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 1995.
Decided Jan. 31, 1996.
Publication Ordered April 22, 1996.

hour in a 40 mile per hour speed zone. By official notice dated May 31, 1994, DOT notified Weber that five points had been assessed to his driving record, as a consequence of his May 9, 1994 conviction. Because Weber's driving record reflected that this five point assessment brought the total number of points he had accumulated to six points for the third time, DOT informed him by official notice dated June 3, 1994 that a departmental hearing would be conducted on June 23, 1994.

Following the departmental hearing, the hearing officer recommended that Weber's license be suspended for 30 days based upon the fact that this was Weber's third accumulation of six or more points. DOT, by official notice dated July 8, 1994, notified Weber that a suspension of 30 days would be imposed pursuant to Section 1538(c) of the Code. Section 1538(c) provides as follows:

**(c) Subsequent accumulations of six points.**—When any person's record has been reduced below six points and for the third or subsequent time shows as many as six points, the department shall require the driver to attend a departmental hearing to determine whether the person's operating privilege should be suspended for a period not to exceed 30 days. Failure to attend the hearing or to comply with the requirements of the findings of the department shall result in the suspension of the operating privilege until the person has complied.

Weber appealed his suspension to the trial court which, by order dated February 24, 1995, sustained his appeal. The trial court, in sustaining Weber's appeal, concluded that the hearing conducted by the hearing examiner below was flawed because Weber was not given an opportunity to present mitigating circumstances regarding why he was speeding.

Timothy P. Wile, Assistant Counsel In-Charge, for Appellant.

No appearance entered for Appellee.

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) sustaining the statutory appeal of Stanley Weber (Weber) from the suspension of his operating privilege.

On May 9, 1994, Weber was convicted of violating Section 3362 of the Vehicle Code (Code), 75 Pa.C.S. § 3362, entitled, "Maximum speed limits," for driving 68 miles per

On appeal,[1] DOT argues that the trial court exceeded its scope of review in sustaining Weber's appeal based upon a finding that

---

1. Our scope of review in operating privilege suspension cases is limited to determining whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether there was a manifest abuse of discretion. *Wheatley v. Department of Transportation*, 104 Pa.Cmwlth. 171, 521 A.2d 507 (1987).

DOT's administrative hearing was defective. We agree and reverse the trial court's order.

 Initially, we note that the trial court, on an appeal from a license suspension by DOT, conducts a *de novo* review and any irregularities or defects alleged to have occurred in the administrative proceedings are cured by said review. *See Department of Transportation v. Sutton,* 541 Pa. 35, 660 A.2d 46 (1995) *citing Commonwealth v. Walkinshaw,* 373 Pa. 419, 96 A.2d 384 (1953). The only issues which the statutory appeals court can consider on appeal are whether the licensee was in fact convicted of the underlying violation and whether DOT acted in accordance with applicable law in instituting the suspension. *Orndoff v. Department of Transportation, Bureau of Driver Licensing,* 654 A.2d 1 (Pa.Cmwlth.1994). Where the suspension involves the exercise of DOT's discretion, the trial court's scope of review includes a determination of whether there was an abuse of discretion in choosing from the range of possible penalties for a particular violation. *Department of Transportation, Bureau of Driver Licensing v. Fiore,* 138 Pa.Cmwlth. 596, 588 A.2d 1332 (1991).

Here, it is undisputed that Weber was, in fact, convicted of violating Section 3362 of the Code for traveling in excess of the posted speed limit and that based upon said conviction his driving record reflected an accumulation of six points for the third time. Therefore, the only issue before the trial court was whether DOT acted in accordance with the Code in suspending his operating privilege.

Clearly, under Section 1538(c) of the Code, set forth hereinabove, DOT had the authority to suspend Weber's license for 30 days.[2] Moreover, there is nothing in the record which would indicate that DOT abused its discretion in imposing this penalty.

Because our review leads us to conclude that the trial court exceeded its scope of review in sustaining Weber's appeal, we reverse its decision and order.

2. This Court has held that DOT hearing officers have discretion to determine the sanction to be imposed with respect to suspension of operating

*ORDER*

AND NOW, this 31st day of January, 1996, the order of the Court of Common Pleas of Allegheny County is reversed.

privileges for a third accumulation of six points. *Saviet v. Department of Transportation,* 126 Pa. Cmwlth. 151, 558 A.2d 934 (1989).