Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Paul Suchko, Appellee.

Submitted on briefs September 9, 1985, to Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *Ward T. Williams*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE DOYLE, November 1, 1985:

This is a license suspension case in which the Department of Transportation (Department) appeals from the order of the Court of Common Pleas of Westmoreland County which sustained the appeal of Paul Suchko.

On December 29, 1980, the Department suspended Suchko's license under Section 1538 of the Vehicle Code (Code),[1] which provides for suspension upon failure to pass a special examination required of motorists who have accumulated six or more points against their record. The effective date of the suspension was February 2, 1981.

Suchko appealed the Department's suspension on February 2, 1981. At the hearing before the court of common pleas, the Department moved to quash Suchko's appeal on the grounds it was not timely filed. In support of its motion, the Department offered into evidence certified copies of the notice of point accumulation and required examination, as well as the notice of suspension. No mailing date was indicated on the face of either document, although the Department's certi-

---

[1] 75 Pa. C. S. §1538.

fication indicated that the documents had been mailed on September 24, 1980 and December 29, 1980, respectively.[2] Suchko objected to the admission of these documents on the grounds that there was no evidence that the notices were mailed to him. The court of common pleas sustained Suchko's objection, and excluded the documents. Because the Department could not prove when the notice of suspension was mailed, the court overruled the Department's motion to quash. The court then sustained Suchko's appeal on the grounds that the Department had failed to give requisite notice.

On appeal the Department argues that the notice of suspension was sufficient to show that the Suchko's appeal was untimely filed, and therefore that its motion to quash should have been granted. We cannot agree. The notice of suspension which was offered into evidence contained no *mailing* date. Where, as here, the beginning of the appeal period is the date of the mailing of notice, the government unit has the duty to advise the Appellant of the date of mailing. *Schmidt v. Commonwealth*, 495 Pa. 238, 433 A.2d 456 (1981); *Groff v. Department of Transportation, Bureau of Traffic Safety*, 78 Pa. Commonwealth Ct. 580, 467 A.2d 1224 (1983). The Department suggests that the mailing date was established by the *certification* of the document which describes the document as the "Official Notice of Suspension effective February 2, 1981, mailed December 29, 1980." This suggestion has previously been considered and rejected by our Court. In *Groff* we were confronted with a notice of suspension, dated December 19, 1980, but in which the *mailing*

---

[2] Each document did have a date on its face: September 24, 1980 on the notice of point accumulation and December 29, 1980 on the notice of suspension. These dates did not, however, establish the date the documents were supposedly *mailed*.

date did not appear on the document; instead only the accompanying attestation described the mailing date. We held:

> If the attested copy of the notice of suspension had disclosed the fact that it was mailed . . . , it would have been admissible as evidence of that fact of mailing . . . under Section 6104 [of the Judicial Code[3]] If, as we believe, the authenticated copy disclosed no date of mailing, there was no admissible evidence on that fact. *The fact cannot be supplied for the record by a notation dehors the authenticated copy typed on the attestation.* (Emphasis added.)

78 Pa. Commonwealth Ct. at 583-84, 467 A.2d at 1226.

Thus we must conclude that the Department did not establish the date of mailing, and that the trial court properly denied its motion to quash.

The Department next argues that, even assuming the appeal was timely filed, it should have been dismissed on the merits because the Department had submitted sufficient evidence to support the suspension. Section 1536 of the Vehicle Code[4] states:

> Whenever points are assigned to a driver's record, the department shall send to that person at his last known address a letter of notice pointing out the fact and emphasizing the nature and effects of the point system. Failure to receive such letter shall not prevent the suspension of the operating privilege pursuant to this subchapter.

We have held that while this section does not require that the notice was *received,* it does require that the Department prove that the notice was *given. Faulstick v. Commonwealth,* 66 Pa. Commonwealth Ct. 529,

---

[3] 42 Pa. C. S. §6104.

[4] 75 Pa. C. S. §1536.

445 A.2d 554 (1982). In the present case, the Department submitted a document which purported to notify Suchko of his accumulation of six points and of his requirement to take an examination. As was the case with the notice of suspension, this document contained no indication of when, if at all, it was mailed to Suchko.[5] Without proof that this notice was mailed to the motorist, the suspension which eventually resulted must be invalidated.[6] *Faulstick*.

For the foregoing reasons we conclude that the trial court was correct in sustaining Suchko's appeal. Accordingly, the order of the court of common pleas is affirmed.

### ORDER

Now, November 1, 1985, the order of the Court of Common Pleas of Westmoreland County, No. 728 of 1981, dated March 15, 1982, is hereby affirmed.

---

[5] Unlike the notice of suspension, which Suchko admitted to having eventually received, Suchko never admitted to having received the notice of point accumulation.

[6] We note that any evidence that Suchko had received the notice would, of course, be sufficient to prove that the notice had been sent. Indeed, had it been clear that Suchko took the examination, it could have been inferred that he had received the notice requiring him to take it. The record is not clear, however, as to whether Suchko took the examination and failed, or whether he simply failed to take the examination.