547 A.2d 1269

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Philip D. New, Appellee.

Submitted on briefs March 28, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE DOYLE, September 20, 1988:

This is an appeal by the Pennsylvania Department of Transportation (DOT) from an order of the Court of Common Pleas of Cumberland County which sustained the appeal of Philip D. New (Licensee) and reversed DOT's decision to suspend Licensee's driving privileges for sixty-five days. We reverse.

On August 20, 1984 and December 9, 1984, Licensee was convicted of violating Section 3362 of the Vehicle Code, 75 Pa. C. S. §3362 (Code) pertaining to speeding. Licensee's driving record was assessed with a total of seven points for these two convictions. DOT informed Licensee that he was required to pass a driver's examination as his point total exceeded six. On June 19, 1985, Licensee passed the required driving examination and two points were removed from his record, reducing his total accumulation of points to five.

On August 21, 1985, Licensee was convicted for speeding a third time and his record accumulated four more points. Licensee then received notice that his point accumulation was nine and that he was required to attend a departmental hearing. The hearing took place on March 5, 1986, but no action was taken. Consequently, as of April 4, 1986, Licensee's point total remained at nine.

On August 18, 1986, Licensee was again cited for speeding and he accumulated four more points. By official notice dated October 29, 1986, DOT notified Licensee that his operating privileges were being suspended for sixty-five days due to his accumulation of thirteen points pursuant to Section 1539 of the Code. Licensee appealed this suspension alleging that DOT failed to notify him of the *first* nine points assessed on his record.

At the *de novo* hearing, DOT introduced the certified driving record of Licensee as proof that it had met

its notice requirements for all thirteen points. The trial court, with great reservation, sustained Licensee's appeal relying on this Court's decision in *Department of Transportation, Bureau of Traffic Safety v. Suchko,* 92 Pa. Commonwealth Ct. 520, 499 A.2d 738 (1985), holding that since DOT did not present certified copies of the actual notice letters, it did not meet its burden to prove the date notice was sent to the licensee. This appeal ensued.

The sole issue before us is whether DOT's certification statement of Licensee's driving record is sufficient evidence of notice. We believe that it is.

This issue has recently been decided by our Court in *Department of Transportation, Bureau of Traffic Safety v. Petrucelli,* 117 Pa. Commonwealth Ct. 163, 543 A.2d 213 (1988), wherein we stated:

> Therefore, we hold that DOT's certification of the driving record showing that notice was given is competent to establish that the notice was sent. DOT's certification of its records is not sufficient to establish *the date* of the notice or for that matter anything further than the mere fact that the notice was sent. (Emphasis added.)

*Id.* at 167, 543 A.2d at 213.

*Petrucelli* limits the use of certified records to establishing only that notice was sent to a licensee. In that case, our Court limited the *Suchko* requirement that to prove when notice is sent DOT must do more than introduce a general certification of its computerized records that shows notice was sent and that indicates the date on which that notice was sent. In *Suchko* the specific issue was the timeliness of the appeal by the licensee and the mailing date of the notice by DOT was critical. We held there that DOT's certification of its records was not sufficient evidence to establish that the notice was sent on a particular date so

as to preclude a licensee from filing an appeal. Therefore, Licensee's reliance on *Suchko* is misplaced.

In the case at bar, DOT's only burden was to establish that notice was sent to Licensee, not to establish also when he received such notice. Licensee does not even assert that notice was not *received* by him. *See Faulstick v. Commonwealth,* 66 Pa. Commonwealth Ct. 529, 445 A.2d 554 (1982). Section 1536 of the Code provides:

> Whenever points are assigned to a driver's record, the department shall send to that person at his last known address a letter of notice pointing out the fact and emphasizing the nature and effects of the point system. *Failure to receive such letter shall not prevent the suspension of the operating privilege pursuant to this subchapter.* (Emphasis added.)

*See also Suchko* (where we note in a footnote that point assessment notice could be established if the licensee took a driver's examination after being instructed to do so by DOT). Here, Licensee's record was reduced by two points for passing a special examination after an accumulation of seven points, the notice for which is the subject of Licensee's complaint.

Upon review, we note that DOT has producd a complete and comprehensive certified record of Licensee's speeding violations. We hold that this record alone is sufficient to establish that notice was sent to Licensee. *Petrucelli.* Therefore, since the total number of points accumulated by Licensee is thirteen, Section 1539 of the Code mandates suspension of his driving privilges for sixty-five days.

Accordingly, we must reverse the order of the trial court and reinstate DOT's suspension of Licensee's operating privileges for sixty-five (65) days.[1]

---

[1] We reject Licensee's argument that certain of his point assessment letters were somehow defective because they contained

## Order

Now, September 20, 1988, the order of the Court of Common Pleas of Cumberland County is hereby reversed and DOT's suspension of Licensee's driving privileges is hereby reinstated.

no mailing dates. A mailing date is critical when it serves to begin the running of an appeal period. *Suchko.* The letters in question were not appealable as a matter of law because they did not trigger a license *revocation,* cancellation or other similar adverse action. *See* Section 1550 of the Code, 75 Pa. C. S. §1550. Therefore, the absence of a mailing date on them is of no moment.