561 A.2d 84

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**E.H. FUNDENBERG, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 19, 1989.

Decided July 21, 1989.

---

Donald H. Poorman, Asst. Counsel, Philadelphia, and Harold H. Cramer, Asst. Chief Counsel, John L. Heaton, Chief Counsel, Harrisburg, for appellant.

E.H. Fundenberg, a/k/a Earl H. Fundenberg, Philadelphia, pro se.

COLINS, Judge.

The Commonwealth of Pennsylvania, Department of Transportation (Department) appeals an order of the Court of Common Pleas of Philadelphia County which sustained E.H. Fundenberg's (appellee) appeal of his 120–day license suspension, pursuant to Section 1539(a) and (b) of the Vehicle Code (Code), 75 Pa.C.S. § 1539(a) and (b). We reverse.

On September 18, 1984, the appellee was convicted pursuant to Section 3112 of the Code, 75 Pa.C.S. § 3112, for violating traffic control signals. The appellee's driving record was assessed with three (3) points for this conviction. On February 19, 1985, the appellee was convicted, pursuant to Section 3362 of the Code, 75 Pa.C.S. § 3362, for speeding and assessed four (4) more points. On April 17, 1985, the Department notified the appellee that, because of his accumulation of seven (7) points, he would be required, pursuant

to Section 1538(a) of the Code, 75 Pa.C.S. § 1538(a), to pass a driver's examination. He passed the exam on May 8, 1985, thereby removing two (2) points from his record. 75 Pa.C.S. § 1538(a).

On June 25, 1985, the appellee was again convicted for speeding and he received four (4) more points, bringing his total points to nine (9). On October 10, 1985, appellee was notified that as a result of his June 25, 1985, conviction, a departmental hearing was required because his point total again exceeded six (6). 75 Pa.C.S. § 1538(b). On May 30, 1986, he was charged with violating Section 1533 of the Code, 75 Pa.C.S. § 1533, because he failed to respond to the citation issued pursuant to Section 3112 of the Code. On February 17, 1987, he pled guilty to the violation of Section 3112 of the Code. Three (3) points were assessed as a result of this conviction.

The appellee's license was suspended effective February 14, 1987, and was restored on August 4, 1987, at which time three (3) points were subtracted, thus, dropping the total points assessed against the appellee's license to nine (9). On June 23, 1987, the appellee was convicted, pursuant to Section 3323(b) of the Code, 75 Pa.C.S. § 3323(b), for failing to adhere to stop signs and yield signs. This resulted in the assessment of three (3) additional points, thus, bringing his point total to twelve (12). The suspension at issue followed.

On appeal to the trial court, the appellee contended that he did not receive notice of the point accumulation within six (6) months of the September 18, 1984, conviction and, thus, those three (3) points should not be included on his record, leaving him with a total of only nine (9) points for which no suspension is mandated. According to the notes of testimony, appellee argued that since no copy of the September 18, 1984, point letter is on file, there is no evidence as to where one was sent if, in fact, it was sent. Thus, appellee contended, the Department had failed to meet its burden of proving appellee's receipt of the point

letter. On the basis of this argument, the trial court revoked his suspension.

Our scope of review of a decision by a trial court in a license suspension case is limited to determining whether the findings of fact of that court are supported by substantial evidence, whether erroneous conclusions of law have been made, or whether the decision of a trial court demonstrates a manifest abuse of discretion. *Swift v. Department of Transportation*, 121 Pa.Commonwealth Ct. 135, 550 A.2d 272 (1988). We find that the trial court committed an error of law in requiring the Department to prove that notice was received.[1] This Court has repeatedly held that Section 1536 of the Code requires the Department to provide satisfactory proof that notice of point assessment was sent. 75 Pa.C.S. § 1536. The Department does *not* have to show that it was received. *Department of Transportation, Bureau of Driver Licensing v. Petrucelli*, 117 Pa. Commonwealth Ct. 163, 543 A.2d 213 (1988); *George v. Commonwealth*, 103 Pa.Commonwealth Ct. 263, 520 A.2d 105 (1987); *Faulstick v. Commonwealth*, 66 Pa.Commonwealth Ct. 529, 445 A.2d 554 (1982). Further, Section 1536 of the Code expressly states: "[f]ailure to receive such letter shall not prevent the suspension of the operating privilege pursuant to this subchapter."

The matter *sub judice* is analogous to *Petrucelli* in which this Court held that, "DOT's certification of the driving record showing that notice was given is competent to establish that the notice was sent." *Petrucelli*, 117 Pa.Commonwealth Ct. at 167, 543 A.2d at 214. In *Petrucelli*, the Department also did not produce an actual copy of the notice at issue, but this Court stated that "we believe that the system for sending notice is sufficient to ensure that the licensee was given the notice required by Section 1536 of the Code." *Id.* Three months after *Petrucelli*, this

---

1. The trial court stated the issue as whether the appellee *received* his point letter within six (6) months of September 18, 1984. (Trial court opinion at page 1.)

Court was again faced with the issue of sufficient evidence of notice and held that a certified record of a licensee's motor vehicle violation is sufficient to establish that notice was sent to licensee. *Department of Transportation, Bureau of Driver Licensing v. New,* 119 Pa.Commonwealth Ct. 538, 547 A.2d 1269 (1988). The record in the instant matter reveals that the Department submitted, without objection, a certified copy of the appellee's driving record which contains an entry indicating that the point letter in question was mailed on December 6, 1984.

Moreover, the appellee's appearance at the November 6, 1985, hearing and his taking of the May 8, 1985, test following the February 14, 1985, violation evinces his knowledge of the point accumulation. This Court has noted that point assessment notice "could be established if the licensee took a driver's examination after being instructed to do so by DOT." *Id.,* 119 Pa.Commonwealth Ct. at 541, 547 A.2d at 1271, (citing *Department of Transportation, Bureau of Traffic Safety v. Suchko,* 92 Pa.Commonwealth Ct. 520, 499 A.2d 738 (1985)).

This Court finds that the trial court erred in requiring the Department to prove anything more than that it had sent notice to the appellee. Further, based on our holdings in *Petrucelli* and *New,* we hold that the certified record of appellee's motor vehicle violation is sufficient to establish that notice was sent to appellee.

Accordingly, we reverse the order of the trial court and reinstate the Department's suspension of appellee's operating privilege for one hundred twenty (120) days.

## ORDER

AND NOW, this 21st day of July, 1989, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed and the Department's suspension of appellee's operating privilege for one hundred twenty (120) days is reinstated.