606 A.2d 544

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**David A. GRASSE, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 16, 1991.

Decided Dec. 5, 1991.

Publication Ordered March 19, 1992.

18

Timothy P. Wile, Assistant Counsel–In–Charge of Appellate Section, for appellant.

David A. Grasse, pro se.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

The Department of Transportation (Department) appeals two orders of the Court of Common Pleas of Montgomery County, the first of which sustained David A. Grasse's nunc pro tunc appeal of a driver's license suspension, and the second of which modified another driver's license suspension charged against Grasse.

On March 28, 1988, the Department notified Grasse that he had accumulated six points on his driving record and thus was required to pass a special driving examination; he was also notified that if he failed to pass the examination within 30 days, his operator's license would be automatically suspended.[1] Grasse did not take the examination within 30 days and on June 27, 1988, the Department allegedly notified him that his license was suspended. Grasse alleges that he first learned of the June 27, 1988 notice of suspension when he was cited by the police for driving under suspension. He then contacted his state representative who told him that he could regain his license by taking and passing the special driver's examination. Thereafter, Grasse passed the special driver's examination and had his operating privileges restored. Grasse, however, subsequently accumulated a total of eleven points, and on April 12, 1989, the Department imposed a mandatory suspension of his license for 110 days. Under Section 1539 of the Code, 75 Pa.C.S. § 1539, when a licensee accumulates eleven or more points, the licensee's operating privilege is suspended for five days for each point on a first suspension and ten

1. Under Section 1538 of the Vehicle Code (Code), 75 Pa.C.S. § 1538, the penalty for failure to attend and complete the special drivers examination is a 60 day license suspension.

days for each point on a second suspension. The Department assessed Grasse ten days for each of his eleven points because it determined that the April 12, 1989 suspension was his second suspension. Grasse then filed an appeal of the April 12, 1989 suspension order with the Court of Common Pleas of Montgomery County.

Before the trial court, Grasse argued that the June 27, 1988 suspension was invalid because he never received notice of that suspension, and because he never received the March 28, 1988 notice explaining that his license would be suspended if he failed to take and pass the special driver's examination. He further argued that the April 12, 1989, suspension was his first suspension and, therefore, he should have received a 55 day suspension rather than a 110 day suspension. Since Grasse never filed a timely appeal of the June 27, 1988 suspension notice, he petitioned the trial court for permission to appeal that notice nunc pro tunc. The trial court granted Grasse's petition to appeal nunc pro tunc and entered an order vacating Grasse's first suspension on the ground that he had never received the March 28, 1988 special driving examination notice or notice of the June 27, 1988 suspension. The trial court stated:

> Absent from the record is evidence that the notices were written in the regular course of business, or that the notices were placed in the regular place of mailing. There was no explanation of the office procedures utilized in mailing notices, or of any safeguards to assure that once a notice was typed, it would be placed in the mail. DOT simply never presented sufficient evidence that either notice was placed in the mail to Appellee [Grasse].

The trial court also entered an order modifying the April 12, 1989 suspension from 110 to 55 days. Separate appeals to this Court from each of the trial court's orders followed.

The Department contends that (1) the trial court erred in holding that it did not establish that the June 27, 1988 notice was mailed to Grasse, (2) the trial court erred in granting Grasse a nunc pro tunc appeal, (3) the trial court erred in sustaining the nunc pro tunc appeal, and (4) the

trial court erred in reducing Grasse's suspension from 110 to 55 days.

Under the mailbox rule, proof of mailing raises a rebuttable presumption that the mailed item was received and it is well-settled that the presumption under the mailbox rule is not nullified solely by testimony denying receipt of the item mailed. *Department of Transportation v. Brayman Construction Corp.–Bracken Construction Co.*, 99 Pa.Commonwealth Ct. 373, 513 A.2d 562 (1986). Further, the Department's certification of a driving record showing that notice was given is competent to establish that notice was sent. *Department of Transportation, Bureau of Driver Licensing v. Petrucelli*, 117 Pa.Commonwealth Ct. 163, 543 A.2d 213 (1988). The Department is not required to show that the licensee actually received the notice. *Department of Transportation, Bureau of Driver Licensing v. Fundenberg*, 127 Pa.Commonwealth Ct. 180, 561 A.2d 84 (1989).

In the present case, the trial court erred in holding that the Department did not meet its burden of proving that the notices were sent to Grasse. The trial court admitted into evidence Grasse's certified driving record which included a document showing that the notice of the special driver's examination was mailed to Grasse on March 28, 1988, and further included a document showing that official notice of suspension was mailed on June 27, 1988. We hold that these documents are competent to establish that notice of the special driver's examination and notice of the suspension were mailed to Grasse, *Petrucelli*, and, therefore, a presumption is raised that Grasse received the notices. Our review of the record demonstrates that Grasse merely denied receipt of the notices in question; as previously noted, however, Grasse's denial of receipt is insufficient as a matter of law to rebut the presumption that he received the suspension notice. *Brayman Construction.* Therefore, we hold that the Department met its burden of establishing that the March 28, 1988, special driver's examination notice and the June 27, 1988 suspension notice were sent to

Grasse, and we further hold that, under the mailbox rule, Grasse is presumed to have received the notices.

■ The trial court permitted Grasse to appeal the June 27, 1988 suspension nunc pro tunc on the ground that he never received notice; the appeal was ultimately sustained on the same ground. Courts have no power to permit a licensee to appeal nunc pro tunc, absent fraud or a breakdown in the administrative or judicial process caused through default of its officers. *Department of Transportation, Bureau of Driver Licensing v. Lefever,* 111 Pa.Commonwealth Ct. 105, 533 A.2d 501 (1987). Grasse offered no evidence indicating fraud or a breakdown in the administrative process; his only evidence was his own testimony denying the receipt of the notices in question. Therefore, in light of our holding that Grasse is presumed to have received notice, we must conclude that the trial court erred in granting Grasse the right to appeal the June 27, 1988, suspension nunc pro tunc and, accordingly, erred in sustaining that appeal.

We now deal with the trial court's modification of the April 12, 1989, suspension from 110 to 55 days. Section 1539 of the Code provides:

(a) **General rule.**—When any person's record shows an accumulation of 11 points or more, the department shall suspend the operating privilege of the person as provided in subsection (b).

(b) **Duration of suspension.** The first suspension shall be for a period of 5 days for each point, the second suspension shall be for a period of 10 days for each point. . . .

In the instant case, the trial court reduced Grasse's suspension from 110 to 55 days because it concluded that the June 27, 1988, suspension was invalid; hence, since the trial court reasoned that the April 12, 1989 suspension was Grasse's only valid suspension, it held that the Department should

have assessed Grasse only 5 days for each point.[2] However, because we determined that the trial court erred in vacating Grasse's first suspension, we must conclude that the trial court erred in finding that Grasse had only one suspension on his record and in reducing his suspension from 110 to 55 days.

Accordingly, the trial court's order granting nunc pro tunc relief is vacated and the trial court's order modifying the suspension from 110 to 55 days is reversed.[3]

## ORDER

NOW, December 5, 1991, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter which granted nunc pro tunc relief is hereby vacated and the order modifying the suspension from 110 to 55 days is reversed.

2. Grasse never disputed the Department's determination that he accumulated 11 points.

3. The Department also raised an additional argument that Grasse did not present his written nunc pro tunc petition to the trial court within the time he was required to do so (Grasse first presented an *oral* motion for nunc pro tunc relief). Because of our disposition of this case, we need not address this issue.